# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| GSC Construction, Inc. | )  ASBCA No. 59401 |
| | ) |
| Under Contract No. W9126G-11-D-0061 | ) |

APPEARANCES FOR THE APPELLANT:  Karl Dix, Jr., Esq.
Douglas L. Tabeling, Esq.
  Smith Currie & Hancock LLP
  Atlanta, GA

APPEARANCES FOR THE GOVERNMENT:  Thomas H. Gourlay, Jr., Esq.
  Engineer Chief Trial Attorney
Keith J. Klein, Esq.
  District Counsel
Stephanie R. Darr, Esq.
Alexandria A. Polk, Esq.
  Engineer Trial Attorneys
  U.S. Army Engineer District, Tulsa

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
## ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss this appeal for lack of jurisdiction because, the government contends, appellant did not certify the claim that it presented to the contracting officer for a final decision.[1] We grant the motion.

On 3 July 2014, appellant, GSC Construction, Inc. (GSC), appealed from a 28 April 2014 contracting officer's final decision denying a request for a 148-day time extension and $212,580 in costs that GSC contends are associated with warehouse building pads pursuant to a contract with the Department of the Army (R4, tab 1, tab 2 at 1-3). GSC requested the contracting officer's final decision by letter dated 18 February 2013, and clarified that request by letter dated 28 January 2014 (R4, tab 2 at 1-3). Neither letter was accompanied by the certification required by the Contract Disputes Act, 41 U.S.C. § 7103(b)(1), for contractor claims of more than $100,000. Such certification is a prerequisite for Board jurisdiction. *Newport News Shipbuilding & Dry Dock Co. v. Garrett*, 6 F.3d 1547, 1552-53 (Fed. Cir. 1993); *accord Truesdale Construction Co.*, ASBCA No. 33864, 88-1 BCA ¶ 20,222 at 102,416. Because GSC's claim is of more than $100,000, and is not certified, the Board does not possess jurisdiction to entertain this appeal.

---

[1] Although this appeal has been consolidated with ASBCA Nos. 59402 and 59601, the government's motion pertains only to this appeal, ASBCA No. 59401.

GSC contends that it certified the claim on 26 June 2014 (in a certified claim that is the subject of ASBCA No. 59601, which GSC filed on 25 September 2014), and on 14 August 2014, but those certifications post-date the 28 April 2014 contracting officer's final decision. Indeed, the 14 August 2014 certification also post-dates the 3 July 2014 filing of the appeal. Consequently, neither certification can cure the Board's lack of jurisdiction to entertain the appeal from the contracting officer's final decision. *See Romark Industries, Inc.*, ASBCA No. 25153, 83-2 BCA ¶ 16,788 at 83,436; *Truesdale Construction*, 88-1 BCA ¶ 20,222 at 102,416 (post-appeal certification). GSC cites no authority to the contrary.

For these reasons, the motion to dismiss this appeal for lack of jurisdiction is granted, and the appeal is dismissed, without prejudice.

Dated: 11 February 2015

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59401, Appeal of GSC Construction, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals